IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **PASCAL N. NOUNA,** | * | |
| Plaintiff, | * | |
| v. | * | Case No. RWT 13-cv-1927 |
| **WILBUR ROSS,** **Secretary of Commerce** | * | |
| Defendant. | * | |

# **MEMORANDUM OPINION**

Pascal N. Nouna ("Nouna") is employed as a mechanic at the National Institute of Standards and Technology (NIST), an agency of the United States Department of Commerce. ECF No. 31-4 at 1. Nouna identifies himself as "Black" or "African," and he is originally from Cameroon. ECF No. 31-4 at 3–4.

Nouna filed this action on July 1, 2013 against the Secretary of Commerce ("Commerce"), Wilbur Ross,[1] pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, alleging employment discrimination on the basis of race, color, and national origin. *See* ECF No 1 at 1–2. Nouna alleges NIST and Commerce failed to promote him on "[m]any occasions." ECF No. 1 at 2. In addition to a failure to promote, he claims that he experienced continued harassment, insults, intimidation, and retaliation. ECF No. 1 at 2–3. In sum, Nouna alleges three claims against Commerce: (1) discrimination based on race, color, and national origin; (2) a hostile work environment; and (3) retaliation. ECF No. 1 at 2.

---

[1] In accordance with Fed. R. Civ. P. 25(d), the name of Wilbur Ross, the current government official, has been substituted for Penny Pritzker.

In his *pro se* Complaint, Nouna seeks back pay, injunctive relief of "$121,120.00 during three years as wage grade 5 and than [sic] three years as wage grade 8," monetary damages in the amount of $20,000, costs and attorneys fees, as well as "Lack of training $25,000" and "Health issues $30,000." ECF No. 1 at 1, 3–4.  The Court will now address all of the pending motions in this Memorandum Opinion.

I.  **Procedural Background**

After he initiated this proceeding, the Court granted Nouna a stay on December 30, 2013 during his deployment with the U.S. military.  ECF No. 13.  Following the conclusion of Nouna's deployment, Commerce filed a timely Motion to Dismiss for Failure to State a Claim or, in the Alternative, for Summary Judgment (ECF No. 31) on July 7, 2016.  Simultaneously, it filed a Motion to Seal Exhibits from Agency (ECF No. 33).  Commerce attached to its Motion the Agency's Record of Investigation (ROI).

When Nouna failed to properly file a Response, Commerce filed a Motion for Extension of Time (ECF No. 36) to set forth a clear date by which to respond to any opposition by Nouna. ECF No. 36 at 1.  In this Motion, Commerce brought to the Court's attention that it had received from Nouna a "Motion to Stay" that was not properly filed with the Clerk's Office.  ECF No. 36 at 1.  Although unclear, the Court will consider Nouna's submission as an Opposition to Commerce's Motion to Dismiss, as well as a separate Motion to Stay.  This Opposition is docketed, as it is titled, as "Complainant's Motion to Stay Agency's Motion to Dismiss or in the Alternative for Summary Judgment Until After a Hearing and Decision on Complainant's Motion to Compel Discovery" (ECF No. 38).  On September 8, 2016, Commerce filed a Reply in Support of Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 39).

**II.     Analysis**

    **A.     Commerce's Motion to Dismiss for Failure to State a Claim or, in the Alternative, for Summary Judgment [ECF No. 31]**

        **1.     *Pro Se* Standard**

A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint in order for it to survive a motion to dismiss.  *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

        **2.     Motion to Dismiss Based on 12(b)(6)**

Commerce has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted.  ECF No. 31 at 1.  A motion to dismiss under Rule 12(b)(6) serves "to test the sufficiency of a complaint."  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  In order to be sufficient to survive dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  *Twombly*, 550 U.S. at 556 n.3.  To survive a motion to dismiss, a

3

complaint must put forth "plausible claim[s] for relief." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). While a plaintiff is not required to allege facts in his complaint sufficient to prove his case as an evidentiary matter, "a plaintiff *is* required to allege facts that support a claim for relief. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (emphasis in original). Further, "self-serving, inaccurate legal conclusions cannot rescue a factually deficient complaint." *Faulkner Advertising v. Nissan Motor Corp.*, 945 F.2d 694, 695 (4th Cir. 1991). A plaintiff must provide more than mere "conclusory allegations or speculation." *Mackey v. Shalala*, 360 F.3d 463, 469–70 (4th Cir. 2004).

On a motion to dismiss, if a court considers matters outside the pleadings, the motion must be treated as one for summary judgment, and all parties must be given an opportunity to present all materials pertinent to the motion. Fed. R. Civ. P. 12(d). However, the Court may consider "documents attached to the complaint, *see* Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Phillips v. Pitt Cty. Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

### 3. Nouna's Claim of Discrimination

To succeed on a Title VII discrimination claim, a plaintiff must allege and prove either direct or indirect discrimination, or meet the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which requires a plaintiff to allege (and ultimately prove) a *prima facie* case of discrimination. *See Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526–27, 530 (D. Md. 2015). While a plaintiff does not need to prove a *prima facie* case in the

4

complaint to survive a motion to dismiss, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), the Fourth Circuit has interpreted *Swierkiewicz* as not "removing the burden of a plaintiff to allege facts sufficient to state all the elements of her claim." *See Bass*, 324 F.3d at 765; *see also Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002) ("[T]he Supreme Court's holding in *Swierkiewicz v. Sorema* did not alter the basic pleading requirement that a plaintiff set forth facts sufficient to allege *each* element of his claim." (internal citation omitted) (emphasis added)). A plaintiff must still satisfy the *Twombly* plausibility standard and state a plausible claim for relief under Title VII. *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015), *cert. denied*, 136 S. Ct. 1162 (2016). In order to state a *prima facie* case of discrimination generally, a plaintiff must allege that: (1) he is a member of a protected class; (2) his performance was satisfactory; (3) that he suffered an adverse employment action; and (4) that he was treated differently than similarly situated employees outside his protected class. *See McDonnell Douglas Corp.*, 411 U.S. at 802.

      Nouna has failed to sufficiently state a claim of discrimination. His Complaint is devoid of factual allegations that any acts of Commerce or its employees were based on race or color. Attached to his Complaint, Nouna included a letter where he stated "[t]he reasons for this case is to prove that the Complainant was discriminated against because of his race." ECF No. 1-1 at 2. Nouna, however, fails to include any facts to support this conclusory statement. He alleges that—as they relate to this claim—the facts of his claim are "Discrimination/Racism/Lack of Promotion." *Id.* This is, however, a blanket assertion, rather than a "showing" as required by Rule 8. *See Twombly*, 550 U.S. at 556 n.3. Instead of outlining facts, Nouna contends that he "will ask the Agency to provide [the Court] with both volumes of ROI's [sic] 08-37-0004, copies of 1+2, to Director's Office of Federal Operation." ECF No. 1-1 at 2. In addition, the letter

attached to his Complaint provides the name of five presumed employees at NIST.  Even if this letter is construed liberally, Nouna still fails to sufficiently allege how these individuals were treated differently—or even that they were similarly situated employees outside his protected class.  *See McDonnell Douglas Corp.*, 411 U.S. at 802.  Accordingly, Nouna has not sufficiently pled all the elements of discrimination.  *See Bass*, 324 F.3d at 765.  His "self-serving. . . legal conclusions cannot rescue [] [his] factually deficient complaint."  *See Faulkner Advertising*, 945 F.2d at 695.

### 4. Nouna's Hostile Work Environment Claim

Nouna also alleges that he was subject to "Continued Harassment, Insult, [and] Intimidation."  ECF No. 1 at 2.  While Nouna does not allege any facts to support these blanket legal conclusions, he states in the letter attached to his Complaint that he "won't stop seeking for [sic] justice and fairness, until the Court takes the right action and stop [sic] protecting some Government Agencies Managers to continue abusing, oppressing their subordinates in the workplace because they know, they have meaningful Government Resources and power on their side."  *Id.*  Although difficult to discern, these assertions are best categorized as a hostile work environment claim.

To survive a motion to dismiss on a hostile work environment claim, a plaintiff must allege sufficient facts that the harassment was (1) unwelcome, (2) based on membership in a protected class, and (3) "sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere."  *See EEOC v. Xerxes Corp.*, 639 F.3d 658, 668 (4th Cir. 2011).  In his Complaint, however, Nouna has failed to sufficiently allege any harassment that was based on his membership in a protected class.  *See id.*  Further, he has failed to allege any facts that it was sufficiently severe or pervasive to rise to the level of unlawful

6

discrimination.  *See id.* at 676.  Accordingly, Nouna has also failed to sufficiently plead this claim.  *See Faulkner Advertising*, 945 F.2d at 695.

### 5. Nouna's Retaliation Claim

To state a *prima facie* case of illegal retaliation under Title VII, a Plaintiff must allege that: (1) he engaged in protected activity; (2) the Agency took adverse employment action against him; and (3) there is a causal connection between the protected activity and the adverse action.  *King v. Rumsfeld*, 328 F.3d 145, 151 (4th Cir. 2003).  A Plaintiff must allege that the adverse action would not have occurred *but for* his protected conduct.  *Cross v. Ballys Health & Tennis Corp.*, 945 F. Supp. 883, 889 (D. Md. 1996) (citing *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985)) (emphasis added).

Here, Nouna has failed to allege—by pleading sufficient facts—that there was a causal connection between any protected activity and any adverse action.  *See King*, 328 F.3d at 151.  While Nouna alleged in the facts section of his Complaint "Retaliation," this legal conclusion is not sufficient to survive a motion to dismiss.  *See Papasan*, 478 U.S. at 286.  Even if the Court liberally construes Nouna's letter that he attached to his Complaint where he mentions his activity before the EEOC as the protected conduct at issue, he has failed to allege that Commerce took any adverse action as a result of Nouna's conduct.  *See King*, 328 F.3d at 151.  Similar to Nouna's claims of discrimination and a hostile work environment, Nouna has failed to sufficiently plead a claim of retaliation.  Accordingly, Commerce's Motion to Dismiss will be granted.

### B. Commerce's Motion to Seal Exhibits from Agency [ECF No. 33]

Commerce filed a Motion to Seal Exhibits 22, 25, 26, 27, and 28 of the Report of Investigation, which are attached to its Motion to Dismiss as Exhibit 1 (ECF No. 31-5).  The

7

information of interest pertains to federal employees, including personnel records, other than Nouna. For good cause having been shown, Exhibits 22, 25, 26, 27, and 28 of the Agency Report of Investigation will be sealed. *See* Fed. R. Civ. P. 5.2(d).

### C. Commerce's Motion for Extension of Time [ECF No. 36]

On August 8, 2016, Commerce filed a Motion for Extension of Time to "file an appropriate Reply or Opposition to the Motion filed by Plaintiff." ECF No. 36 at 1. Given the improper filing method and confusion over whether Nouna's "Motion" constituted a Response or a new Motion, Commerce requested until September 8, 2016 to file a Response. Good cause having been shown, Commerce's Motion for Extension of Time (ECF No. 36) will be granted *nunc pro tunc*.

### D. Nouna's Motion to Stay Agency's Motion to Dismiss or in the Alternative for Summary Judgment Until After a Hearing and Decision on Complainant's Motion to Compel Discovery [ECF No. 38]

As the Court discussed above, this document is more appropriately construed as a response. Nouna does, however, request the Court stay Commerce's Motion because he "served the Discovery Request for Admission on [the] Agency July 8th, 2016 and the request was and remained incomplete and [was] not thoroughly and honestly responded to by the Agency." ECF No. 38 at 1. Nouna also contends the "Agency's [sic] failed to properly and honestly to answer and provide factual documents to the Complainant Discovery Requests for Admission on Agency on April 15th, 2009." *Id.* Discovery, however, has not begun. Therefore, Nouna's Motion to Stay will be denied.

### III. Conclusion

To summarize, Commerce's Motion to Dismiss (ECF No. 31) will be granted, as will Commerce's Motion to Seal Exhibits from Agency (ECF No. 33). Commerce's Motion for

Extension of Time (ECF No. 36) will be granted *nunc pro tunc*.  Nouna's Motion to Stay Agency's Motion to Dismiss or in the Alternative for Summary Judgment Until After a Hearing and Decision on Complainant's Motion to Compel Discovery (ECF No. 38) will be denied.

    A separate order will follow.

Date:  March 17, 2017                              /s/
                                                     ROGER W. TITUS
                                                     UNITED STATES DISTRICT JUDGE